703 N.W.2d 433 (2005)
473 Mich. 862
Sharon A. BAYER, Plaintiff-Appellant,
v.
CITY OF KENTWOOD, Defendant-Appellee, and
City of Grand Rapids and Village Green Residential Properties, L.L.C. d/b/a Pheasant Ridge Apartments, Defendants.
Docket No. 127176. COA No. 249405.
Supreme Court of Michigan.
July 15, 2005.
On order of the Court, the application for leave to appeal the August 26, 2004 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the question presented should be reviewed by this Court.
MICHAEL F. CAVANAGH and MARILYN J. KELLY, JJ., would grant leave to appeal.
MARKMAN, J., dissents and states as follows:
I respectfully dissent. I would grant leave to appeal to consider a number of significant questions about the scope of the "highway exception" found within the governmental tort liability act (GTLA), M.C.L. § 691.1401 et seq.
Plaintiff was riding her bicycle on a concrete-paved sidewalk running parallel to 32nd Street within the defendant city. Plaintiff came to the asphalt-covered driveway of defendant apartments, which bisected this sidewalk. She continued across the driveway in a straight line toward the sidewalk's continuation on the driveway's other side, but struck a pothole located at the midpoint of the driveway. The pothole surrounded a recessed water main cap about eight inches wide maintained by the city, but plaintiff could see neither the pothole nor the water main cap because they were covered with water from recent rain. The pothole was in a direct line with the sidewalk. Plaintiff claimed the pothole was part of the "sidewalk," which is within the GTLA's definition of the highway exception. M.C.L. § 691.1401(e). The city claimed that it was part of a private driveway, which is not within this definition. The trial court denied the city's motion for summary disposition, and the Court of Appeals reversed.
I would grant leave to consider the following questions:
First, does a sidewalk continue to be a sidewalk where it crosses a driveway? That is, does the area encompassed by the parallel lines defining the sidewalk, extended over the driveway, retain its nature as a sidewalk? For purposes of the exception to governmental immunity, is a sidewalk a continuous thoroughfare, or does it stop and start as it comes upon driveways?
Second, of what significance to the scope of the highway exception is the city's exclusive control over the area in controversy? What is the relevance of the testimony of the city's director of public works that defendant apartments had no authority to make any changes, improvements, or repairs to the water main area within its driveway?